UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                                Chapter 13

Arides N. Harrington, Jr.,                                  Case Number 19-47539

    Debtor.                                                    Hon. Mark A. Randon

_____/

**OPINION AND ORDER SUSTAINING**
**THE TRUSTEE'S OBJECTION TO CONFIRMATION**

**I.  INTRODUCTION AND BACKGROUND**

The Chapter 13 Trustee objects to confirmation of Arides Harrington, Jr.'s reorganization plan. Harrington's best efforts would allow him to pay his unsecured creditors in full, with interest; however, his plan proposes full payment–without interest–and without allocating all of his projected disposable income to the plan for the five-year commitment period.

Harrington says interest is unnecessary, because his unsecured creditors would receive nothing in a hypothetical Chapter 7 liquidation under section 1325(a)(4)–and section 1325(b)(1)(A) does not require interest. The Court disagrees. Recognizing the split in authority, the Court **SUSTAINS** the Trustee's objection and finds the payment of interest *is* required under both sections.

**II.  ANALYSIS**

The issue before the Court turns on the meaning of the placement of the phrase "as

1

of the effective date of the plan" in relation to the word "value." Section 1325(a)(4) provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if–
>
> (4) *the value, as of the effective date if the plan*, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1325(a)(4) (emphasis added). Where the word "value" precedes the phrase "as of the effective date of the plan," as it does in section 1325(a)(4), courts almost universally agree that the word order requires debtors to pay interest–to compensate creditors for the loss of the time value of their money.[1] *See e.g.*, *Till v. SCS Credit Corp.*, 541 U.S. 465, 474 (2004). This is because "as of the effective date of the plan" clearly modifies the word "value." But in section 1325(b)(1)(A), the arrangement of the phrase "as of the effective date of the plan" and the word "value" is reversed:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to confirmation of the plan, then the court may not approve the plan unless, *as of the effective date of the*

---

[1] "The time value of money (TVM) is the concept that money available at the present time is worth more than the identical sum in the future due to its potential earning capacity. This core principle of finance holds that provided money can earn interest, any amount of money is worth more the sooner it is received. TVM is also sometimes referred to as present discounted value." INVESTOPEDIA'S CORPORATE FINANCE & ACCOUNTING, https://www.investopedia.com/terms/t/timevalueofmoney.asp (last visited December 16, 2019).

2

> *plan–*
>
>> (A) *the value* of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
>>
>> (B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

11 U.S.C. § 1325(b)(1) (emphasis added). Some courts find that this change was deliberate and reflects congress's intent that interest not be required under section 1325(b)(1). Other courts find the word order does not change the meaning: the payment of interest is *also* required where the word "value" comes after the phrase "as of the effective date of the plan."

The rationales for the two interpretations need not be detailed here, as two cases provide an excellent explanation of the divergent opinions: *In re Barnes*, 528 B.R. 501, 505-508 (Bankr. S.D. Ga. 2015) (section 1325(b)(1)(A) requires the payment of interest); *In re Eubanks*, 581 B.R. 583, 591-593 (Bankr. S.D. Ill. 2018) (section 1325(b)(1)(A) cannot be interpreted to require the payment of interest to unsecured creditors). The Court has reviewed these cases and those cited therein. In the absence of a determination from the Sixth Circuit Court of Appeals, it finds *In re Barnes* the better reasoned interpretation and adopts its reasoning.

Faced with the Trustee's objection to his Chapter 13 plan, Harrington has a choice:

(A) pay his unsecured creditors in full, or (B) provide all of his disposable income to the plan for five years. Harrington rejects option B, because that would mean his unsecured creditors get paid much sooner, and he doesn't benefit from the time value of the extra money in his pocket. Instead, he chooses to stretch out the repayment period, without providing interest. Harrington cannot have it both ways. Interest must be paid under 11 U.S.C. § 1325(b)(1)(A).

## III. CONCLUSION

Harrington's Chapter 13 plan cannot be confirmed unless the Order Confirming Plan proposes to pay his unsecured creditors in full, with interest.

**IT IS ORDERED**.

**Signed on December 16, 2019**



/s/ Mark A. Randon
**Mark A. Randon**
**United States Bankruptcy Judge**